**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MICHAEL METZ,** )<br>)<br>**Defendant.** )<br>_____ ) | **Case No. 14-40123-01-CM** |

### MEMORANDUM AND ORDER

This closed criminal case is before the court on defendant Michael Metz's Motion for Judicial Recommendation for Twelve Months RCC/Community Confinement (Doc. 35). Defendant filed this motion pro se, seeking a recommendation from the court that he be placed in a residential re-entry center ("RRC") for twelve months prior to his anticipated release from prison.

Defendant submitted information on his inmate education, showing that he has been motivated toward self-improvement during his incarceration. Defendant also states that he seeks the court's recommendation so that he can further his education, work and contribute to child support, and have more contact with his child. The government offers no opinion on whether defendant is a good candidate for RRC placement; instead, the government argues that the Bureau of Prisons ("BOP") is in the best position to make the proper determination about defendant's placement.

The court is authorized to make a recommendation after sentencing because the recommendation is just that: a recommendation. *See, e.g.*, *United States v. Baker*, No. 3:01CR94-01-MHT, 2013 WL 355867, at *1 (M.D. Ala. Jan. 29, 2013) (recognizing the court's authority to make a post-sentencing recommendation relating to confinement); *United States v. Palacios*, No. 05CR2203 IEG, 2007 WL 2410389, at *3 (S.D. Cal. July 14, 2007), modified on

reconsideration Aug. 13, 2007 (same).  By making a post-sentencing recommendation, the court is not modifying or correcting defendant's sentence.  *Cf.* 18 U.S.C. § 3582(c) (identifying acceptable reasons to modify a term of imprisonment).  The court's recommendation on place of confinement is not part of the sentence imposed.  *Fajri v. Leavenworth*, No. 04-3311-RDR, 2005 WL 2035047, at *1 (D. Kan. Aug. 23, 2005) (citing *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468–69 n.3 (10th Cir. 1992)).  The BOP is responsible for deciding whether to place a prisoner in an RRC.  *See* 18 U.S.C. § 3624(c)(1).  But in making this decision, the BOP may consider any recommendations made by the court.  18 U.S.C. § 3621(b)(4)(B).

Unfortunately, the court does not believe that it has adequate information to make an informed recommendation on whether defendant should be placed in an RRC center for the maximum of twelve months prior to defendant's release.  This is not to say that placement would be improper.  Rather, the court believes that the BOP is in the better position to make the decision on defendant's placement—without input from the court.

To be clear, the court makes no recommendation at all about defendant's placement as he approaches anticipated release.  The court simply does not have adequate information to make an informed recommendation.

**IT IS THEREFORE ORDERED** that defendant's Motion for Judicial Recommendation for Twelve Months RCC/Community Confinement (Doc. 35) is denied.

Dated this 4th day of January, 2018, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**